UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JORGE M. LOPEZTEGUI,

                    **Plaintiff,**

      v.                                  Case No. 20-CV-598

CITY OF MILWAUKEE, et al.,

                    **Defendants.**

## ORDER

Plaintiff Jorge M. Lopeztegui initially filed this action in Milwaukee County Circuit Court on December 23, 2019. Defendants City of Milwaukee, Eric Rom, Ryan Dewitt, Arttavius Bradford, Joshua Albert, Librado Bracero, and Robert Toeller removed the action to this court to on April 13, 2020. The same day defendant Peter Pfau filed a motion in state court requesting that he be dismissed pursuant to Wis. Stat. § 802.06 because he had not yet been served with the complaint. (ECF No. 4.) When the action was removed, that motion was also removed and remains pending before this court. Lopeztegui has not responded to the motion or filed proof of service upon Pfau.

All parties have consented to the full jurisdiction of this court, including Pfau. (ECF Nos. 7, 8; *see also* ECF No. 1-4 (defense counsel's notice of appearance on behalf of all defendants including Pfau).)

The court held a scheduling conference on June 30, 2020, at which Lopeztegui's attorney stated he would be stipulating to the dismissal of Pfau, although he first needed to discuss the matter with his client. (ECF No. 10.) On September 21, 2020, Lopeztegui's attorney filed a motion to withdraw and a letter stating that he cannot stipulate to the dismissal of Pfau because he has been unable to contact his client.

Thus, the court turns Pfau's motion to dismiss. Lopeztegui's failure to respond to the motion typically would be cause to grant it. *See* Civ. L.R. 7(d). Although Pfau's motion rests on state procedural law, now that the action has been removed federal procedural law applies. Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Thus, Rule 4(m) governs service on the defendants. That rule states, in relevant part, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Moreover,

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such

process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. 28 U.S.C. § 1448. "For removed cases, the combined effect of § 1448 and Rule 4(m) starts the clock on the date of removal." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858 (7th Cir. 2018) (citing *Cardenas v. City of Chi.*, 646 F.3d 1001, 1004 (7th Cir. 2011)).

Some courts have said that section 1448 cannot "'resurrect' a removed diversity case which would have been dismissed as time-barred had it remained in state court." *Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998) (citing *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 167-69 (3d Cir. 1976)). But in those cases the statute of limitations had expired by the time the case was removed, and thus giving the plaintiff additional time to serve the defendant would have extended the statute of limitations. *See Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1024 (9th Cir. 2017). Outside of that narrow context, § 1448 and Rule 4(m) apply. *See also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

Therefore, Lopeztegui had 90 days from the date of removal, i.e., until July 13, 2020, in which to serve Pfau. *See Huck v. Duff & Phelps LLC*, No. 18-CV-841-JPS, 2018 U.S. Dist. LEXIS 183891, at *4 (E.D. Wis. Oct. 26, 2018) (applying *UWM Student Association v. Lovell*, 888 F.3d 854 (7th Cir. 2018), to hold that, notwithstanding expiration of time for service prior to removal, under Rule 4(m), plaintiff had 90 days from date of removal to serve defendant). This deadline having now passed and there being no evidence that Pfau has been served, Pfau's motion to dismiss is **granted**.

Attorney Drew DeVinney's motion to withdraw as counsel for Lopeztegui (ECF No. 13) is also **granted**. That means that Lopeztegui is now unrepresented. This matter is stayed until October 9, 2020, to permit Lopeztegui to either retain new counsel, request the court provide him additional time to retain new counsel, or to state he wishes to represent himself. **Lopeztegui must inform the court in writing no later than October 9, 2020, how he wishes to proceed. <u>If Lopeztegui fails to timely inform the court how he wishes to proceed, the court will dismiss this action for failure to prosecute without any further notice to Lopeztegui</u>.**

The Clerk shall mail a copy of this order to Lopeztegui's last known address, as provided by Attorney DeVinney: 704 W. National Ave., #132, Milwaukee, Wisconsin 53204.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 24th day of September, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge